Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

FILED
2008 MAY -7 AM 11:08
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shannon Curiel**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**California Accounts Service**<br><br>**Defendant.** | **Case No:** '08 CV 0825 LAB NLS<br><br>**Complaint For Damages**<br><br>**JURY TRIAL DEMANDED** |

HYDE & SWIGART
San Diego, California

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

ORIGINAL

"FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. SHANNON CURIEL, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CALIFORNIA ACCOUNTS SERVICE, ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff, or to their attorneys, which are alleged on personal knowledge.

[1] 15 U.S.C. §§ 1692(a)-(e)

[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

## Jurisdiction and Venue

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.
6. This action arises out of Defendant's violations of the the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq..
7. Because Defendant does business within the State of California, personal jurisdiction is established.
8. Venue is proper pursuant to 28 U.S.C. § 1391.

## Parties

9. Plaintiff is a natural person who resides in the City of Encinita, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).
11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of El Cajon, County of San Diego, State of California.
12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

Hyde & Swigart
San Diego, California

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## Factual Allegations

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

17. Sometime before July 6, 2006, Plaintiff's physician advised Plaintiff that Plaintiff required surgery, and that Plaintiff's physician performs surgeries at Ambulatory Care Surgery Center ("ACSC").

18. Plaintiff informed her physician that ACSC is an "out-of-network" health provider and that because such providers are not completely covered by Plaintiff's insurance, Plaintiff would rather have the surgery done at an "in-network" facility to keep Plaintiff's cost to a minimum. Plaintiff explained to Plaintiff's physician that Plaintiff's insurance company pays at a much lower rate for any service provided by an "out-of-network" facility.

19. Plaintiff was not given any other choice where her surgery could take place, however, Plaintiff was assured by Plaintiff's physician, and after Plaintiff followed up with ACSC, ACSC itself, that Plaintiff would not be responsible for any out of pocket cost, and that any insurance payment made to ACSC by

Hyde & Swigart
San Diego, California

Plaintiff's insurance company would be considered as full reimbursement for ACSC's services. Plaintiff would owe nothing.

20. Relying on these representations, Plaintiff agreed to the surgery to be performed at ACSC.

21. On or about July 6, 2006, Plaintiff had surgery at Ambulatory Care Surgery Center.

22. Although Plaintiff was previously assured by Plaintiff's physician and ACSC that she owed nothing for this surgery, sometime before February 14, 2007, ACSC, and perhaps Plaintiff's physician, made the determination that Plaintiff *did* owe something for surgery.

23. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before February 14, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

24. This alleged debt was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. These alleged financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

26. On or about end of August, 2007, Defendant contacted Plaintiff by telephone on Plaintiff's mobile telephone to demand payment of the alleged debt.

27. During this conversation, Defendant informed Plaintiff that Defendant was a collector for Ambulatory Care Surgery Center ("ACSC"), and that Plaintiff had an outstanding debt.

HYDE & SWIGART
San Diego, California

28. Plaintiff informed Defendant that the agreement between Plaintiff, her physician, and ACSC was that there would be no additional cost to Plaintiff, and that the insurance payments would be deemed as full payment for the operation.

29. Plaintiff advised Defendant that Plaintiff disputed the debt claimed owed by Plaintiff to Defendant.

30. During this conversation, Defendant stated that the insurance company's payment was not enough, and that Plaintiff should contact insurance company and appeal for more payment.

31. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

32. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant, and that Defendant would provide Plaintiff with the name and address of the original creditor,.

33. This omission by Defendant violated 15 U.S.C. § 1692g. Further, because of this omission, Defendant also violated Cal. Civ. Code § 1788.17.

34. On or about November 28, 2007, Plaintiff sent a letter to Defendant in which Plaintiff made it clear that she refused to pay the alleged debt as the account had "been paid in a timely manner and in full per any written and verbal agreements," pursuant to 15 U.S.C. § 1692c(c) and Cal. Civ. Code § 1788.17.
35. On or about December 7, 2007, Defendant sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and in the name of Defendant.
36. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).
37. By sending this letter to Defendant after she had notified Defendant that she refused to pay the alleged debt pursuant to pursuant to 15 U.S.C. § 1692c(c) and Cal. Civ. Code § 1788.17, Defendant violated 15 U.S.C. § 1692c(c) and Cal. Civ. Code § 1788.17.
38. In this communication Defendant stated that the debt allegedly owed by Plaintiff was being reviewed for filing a lawsuit. Further, Defendant demanded payment of the alleged debt within five (5) days or Defendant would make the final decision to file the lawsuit. Defendant ended the letter with "Consider your alternatives closely."
39. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated Cal. Civ. Code § 1788.17 because it violated 15 U.S.C. § 1692e(5).
40. This statement also represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, Defendant violated Cal. Civ. Code §§ 1788.13(i) and 1788.13(j). Defendant further violated Cal. Civ. Code § 1788.17 because Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10).

HYDE & SWIGART
San Diego, California

41. On or about January, 2008, Defendant contacted Plaintiff by telephone.

42. During this conversation, Defendant demanded that Plaintiff pay the alleged debt, and told Plaintiff "This isn't going away, how are you going to solve this?" Plaintiff again explained that the debt had already been paid and that she did not intend to pay it again..

43. By telephoning Plaintiff and demanding payment after she had notified Defendant that she refused to pay the alleged debt pursuant to pursuant to 15 U.S.C. § 1692c(c) and Cal. Civ. Code § 1788.17, Defendant violated 15 U.S.C. § 1692c(c) and Cal. Civ. Code § 1788.17.

44. This January, 2008 communication represents a false, deceptive, unfair, unconscionable, and misleading means used in connection with the collection of the alleged debt. As such, Defendant violated Cal. Civ. Code §§ 1788.13(i) and 1788.13(j). Defendant further violated Cal. Civ. Code § 1788.17 because Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(B), 1692e(10), and 1692f.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

47. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

HYDE & SWIGART
San Diego, California

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

50. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

51. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

52. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

53. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

54. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

**TRIAL BY JURY**

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 4/22/08

Respectfully submitted,
**HYDE & SWIGART**

By: ____________________
Joshua B. Swigart, Esq.
Attorney for Plaintiff

HYDE & SWIGART
San Diego, California

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED
2008 MAY -7 AM 11:08
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY KNIX DEPUTY

**I (a) PLAINTIFFS**
Shannon Curiel

**DEFENDANTS**
California Accounts Service,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Robert L. Hyde, Esq. SBN: 227183
411 Camino Del Rio South, Ste. 301
San Diego, CA 92108
Tel: 619-233-7770

**ATTORNEYS (IF KNOWN)**
Unknown

'08 CV 0825 LAB NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 (RFDCPA)

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☒ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ 76000
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 04/25/2008 SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

150670 05/07/08 TB
$350—

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150670 - MB

May 07, 2008
13:58:28

Civ Fil Non-Pris
USAO #.: 08CV0825 CIVIL FILING
Judge..: LARRY A BURNS
Amount.: $350.00 CK
Check#.: BC2377

Total-> $350.00

FROM: SHANNON CURIEL VS
CALIFORNIA ACCOUNTS SERVICE